UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVELLE S., | |
| Plaintiff, | |
| v. | Civil Action No. 17-3879-BRM-LHG |
| STATE OF NEW JERSEY JUVENILE, JUSTICE COMMISSION, *et al.* | OPINION |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are Defendants New Jersey Juvenile Justice Commission ("NJJJC"), New Jersey Training School ("NJTS"), and Superintendent Lionel Henderson's ("Henderson") (collectively, "State Defendants") (1) Motion to Dismiss Plaintiff Javelle S.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 11) and (2) Motion to Dismiss Defendant Karen Selmon's ("Selmon") Crossclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No 17). Plaintiff opposes the Motion to Dismiss the Complaint. (ECF No. 18.) Selmon did not oppose the motion to dismiss her counterclaims but filed an Amended Answer in which she dropped her crossclaims. (ECF No. 19.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, the Motion to Dismiss the Complaint is **GRANTED IN PART** and **DENIED IN PART**, and the Motion to Dismiss Selmon's Crossclaims is **DENIED AS MOOT**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint (ECF No. 1) as true and draws all inferences in the light most favorable to Plaintiff. *See*

1

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

This case arises from Selmon's alleged sexual assault of Plaintiff on June 1, 2015. (ECF No. 1 ¶ 1.) Plaintiff was a detainee at NJTS, a male juvenile detention facility under the jurisdiction of NJJJC, at the time of the alleged assault, and Selmon was an employee at the facility.[1] (*Id.*) Plaintiff alleges State Defendants were aware Selmon had a history of sexual misconduct and mental health issues. (*Id.* ¶ 4.) Specifically, Plaintiff alleges State Defendants were aware Selmon was fired from another facility for "engag[ing] in an inappropriate sexual relationship with another staff member." (*Id.* ¶ 28.) He also contends State Defendants "were aware of a pervasive and longstanding culture of sexual victimization of male juvenile detainees by female staff at the NJTS." (*Id.* ¶ 3.) Plaintiff claims State Defendants were aware of 2010 and 2013 reports by the United Sates Department of Justice, Office Justice Programs, Bureau of Statistics (the "Bureau of Statistics Reports"), which recounted pervasive sexual abuse at NJTS. (*Id.* ¶¶ 20-23.) Plaintiff was first detained at NJTS in 2013 at the age of seventeen. (*Id.* ¶ 30.) After an initial intake, Plaintiff was transferred to JMSF, where he began a sexual relationship with a female staff member, KS. (*Id.* ¶ 31.) Around May 2014, Plaintiff was transferred back to NJTS, but "KS continued to contact [him] and maintained an inappropriate intimate relationship with him." (*Id.* ¶¶ 32-33.)

Around May 2015, Selmon supervised Plaintiff and other detainees who were working in the canteen. (*Id.* ¶¶ 34-35.) Plaintiff contends State Defendants permitted Selmon to supervise detainees without oversight, despite the fact they were aware of Selmon's history of sexual misconduct and mental health issues. (*Id.* ¶ 35.) Plaintiff claims Selmon made sexual advances toward him, including gesturing that she wanted to perform fellatio on him. (*Id.* ¶ 36.) Plaintiff

---

[1] At the time he filed the Complaint, Plaintiff was a detainee at the Juvenile Medium Security Facility ("JMSF") in Bordentown, New Jersey. (ECF No. 1 ¶ 8.)

alleges on June 1, 2015, Selmon offered him contraband in exchange for sex, and then directed him to an isolated location where she performed fellatio on him and had sex with him. (*Id.* ¶ 37.) Plaintiff contends another detainee learned of Selmon's conduct and reported the incident to NJTS staff. (*Id.* ¶ 38.) In September 2015, Selmon pled guilty to a charge of criminal sexual contact pursuant to N.J.S.A. 2C:14-3b. (*Id.* ¶ 39; ECF No. 19 ¶ 39.) Plaintiff alleges he "has suffered, and continues to suffer, severe psychological and emotional distress, including paranoia and nightmares." (ECF No. 1 ¶ 31.)

On May 31, 2017, Plaintiff filed the Complaint, asserting nine claims: (1) a claim against State Defendants and Selmon for violations of his rights under the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 (Count 1); (2) a claim against State Defendants for violations of his rights to due process under the United States and New Jersey constitutions (Count 2); (3) a claim against Selmon for violations of his rights to due process under the United States and New Jersey constitutions (Count 3); (4) a claim against State Defendants for negligent hiring/retention (Count 4); (5) a claim against State Defendants for negligent supervisions (Count 5); (6) a claim against State Defendants for negligence (Count 6); (7) a claim against State Defendants for vicarious liability (Count 7); (8) a claim against Selmon for intentional infliction of emotional distress (Count 8); and (9) a claim against State Defendants and Selmon for assault and battery (Count 6). (*Id.* ¶¶ 42-84.) Plaintiff seeks compensatory and punitive damages from all defendants. (*Id.* at "Prayer for Relief.") On July 10, 2017, State Defendants filed their Motion to Dismiss Plaintiff's claims. (ECF No. 11.) On August 23, 2017, Plaintiff opposed the motion. (EECF No. 18.)

On July 24, 2017, Selmon filed her Answer and asserted crossclaims against state defendants for contribution and indemnity. (ECF No. 15.) Selmon filed a Corrected Answer in

3

which she asserted the same crossclaims. (ECF No. 16.) After State Defendants filed their Motion to Dismiss Selmon's crossclaims, Selmon filed her Amended Answer in which she dropped her crossclaims. (ECF No. 19.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## III. DECISION

### A. State Defendants' Motion to Dismiss Selmon's Crossclaims

Selmon's Amended Answer includes no crossclaims. (ECF No. 19.) "An amended [pleading] supersedes the original version . . . ." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002). Because there are no pending crossclaims, State Defendants' Motion to Dismiss Selmon's Crossclaims is **DENIED AS MOOT**.

### B. State Defendants' Motion to Dismiss Plaintiff's Claims

State Defendants move to dismiss Plaintiff's claims against them, arguing: (1) Counts 1 and 2 should be dismissed because State Defendants are not "persons" subject to suit under 42 U.S.C. § 1983, and Henderson is entitled to qualified immunity under 42 U.S.C. § 1983; (2) Count 2 should be dismissed because State Defendants are immune from suit under the Eleventh Amendment of the United States Constitution; (3) Count 4 should be dismissed because State Defendants are immune from claims of negligent hiring and retention under the New Jersey Tort Claims Act ("Tort Claims Act"), N.J.S.A. § 59:1-1, *et seq.*; (4) Counts 5, 6, and 7 should be dismissed because State Defendants are not liable for discretionary decisions under the Tort Claims Act; (5) Count 9 should be dismissed as to State Defendants because they are not liable for a public employee's intentional torts under the Tort Claims Act, and as to Henderson because Plaintiff failed to sufficiently plead the claim; and (6) punitive damages should be dismissed because Plaintiff does not allege intentional willful or wanton conduct to support punitive damages under New Jersey's Punitive Damages Act ("PDA"), N.J.S.A. 2A:15-5.9, *et seq.* (Br. in Supp. of State Ds.' Mot. to Dismiss (ECF No. 11-1).)

In his opposition, Plaintiff does not dispute: (1) Count 1 should be dismissed as to State Defendants, including Henderson in his official capacity; (2) Count 2 should be dismissed against State Defendants, including Henderson in his official capacity; (3) Count 7 should be dismissed in

5

its entirety as to State Defendants; and (4) Count 9 should be dismissed in its entirety as to State Defendants. (ECF No. 18.) Therefore, as to those claims, the State Defendants' Motion is **GRANTED IN PART**. The only claims disputed in the Motion and at issue before this Court are: (1) Counts 1 and 2 against Henderson in his individual capacity; and (2) Counts 4, 5, and 6 against State Defendants.

### 1. Henderson's Individual Liability

Plaintiff argues he has adequately pled in Counts 1 and 2 that Henderson is liable in his individual capacity for violations of Plaintiff's rights under the United States and New Jersey constitutions. (ECF No. 18 at 4-7.) He points out the Complaint alleges "Henderson was aware of a pervasive and longstanding culture of sexual victimization of male juvenile detainees by female staff at the NJTS." (*Id.* at 5 (citing ECF No. 1 ¶ 5).) Plaintiff further argues his allegations concerning Henderson's awareness of the Bureau of Statistics Reports supports a finding he has adequately pled Henderson is liable in his individual capacity. (*Id.* at 6.)

"The Third Circuit has held that a [§ 1983] complaint is adequate where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)). A plaintiff can state a claim by alleging a public official "had contemporaneous, personal knowledge of [the deprivation of civil rights] and acquiesced in it." *Id.* "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, Plaintiff has alleged Henderson was aware of both a general pattern of sexual abuse at NJTS and Selmon's history of sexual misconduct and mental health issues. (ECF No. 1 ¶¶ 2-3.) Plaintiff supports his allegation of Henderson's knowledge of a pattern of abuse, in part, on the existence of the Bureau of Statistics Reports. (*Id.* ¶¶ 20-23.) However, Plaintiff's only support for

6

his allegations of Henderson's knowledge or acquiescence of Selmon's action is the conclusory statement, "Henderson [was] also aware that Selmon had a history of sexual misconduct and mental health issues." (ECF No. 1 ¶ 4.) Plaintiff does not allege Henderson had any role in the hiring and retention of Selmon. *See Rode*, 845 F.2d at 1207 (stating "[a] defendant in a civil rights action must have personal involvement in the alleged wrong; liability cannot be predicated solely on the operation of *respondeat superior*"); *see also Janowski v. City of North Wildwood*, 259 F. Supp. 3d 113, 126-27 (D.N.J. 2017) (dismissing claims against a supervisor in his individual capacity, despite his knowledge of past problems with the employee, when the complaint did not allege the supervisor had any knowledge of the incident giving rise to the lawsuit).

The Court finds Plaintiff has not adequately alleged Henderson was liable in his individual capacity. Therefore, State Defendants' Motion to Dismiss Counts 1 and 2 is **GRANTED**, and Counts 1 and 2 are **DISMISSED WITHOUT PREJUDICE**.

### 2. Henderson's Entitlement to Qualified Immunity

State Defendants argue in the alternative that, even if Henderson deprived Plaintiff of his constitutional rights, he is entitled to qualified immunity. (Reply Br. in Supp. of State Defs.' Mot. to Dismiss (ECF No. 20) at 2-3.) To determine whether a public official is entitled to qualified immunity, courts first determine whether the official violated a constitutional right, and then ask whether the right was clearly established at the time of the violation. *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Qualified immunity affords government officials considerable protection from liability, as it "protects all but the plainly incompetent or those who knowingly violate the law." *Saucier*, 533 U.S. at 205 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). A plaintiff seeking to overcome qualified immunity need not cite "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

"[Q]ualified immunity [is] defeated if an official '*knew or reasonably should have known* that the action he took . . . would violate the constitutional rights of the [plaintiff], *or* if he took the action *with the malicious intention* to cause a deprivation of constitutional rights or other injury." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (quoting *Wood v. Strickland*, 420 U.S. 308, 322 (1975)).

Here, Plaintiff has not alleged facts to support the conclusion Henderson violated his constitutional rights. Plaintiff alleges Henderson was aware Selmon was fired for a sexual relationship with a fellow employee at another facility. But this vague, conclusory allegation is not a sufficient basis to overcome qualified immunity. Plaintiff does not allege he was aware of any illegal conduct by Selmon at NJTS or any inappropriate conduct toward inmates at any facility where she had worked. *See Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (finding a defendant is entitled to dismissal on qualified immunity grounds "before the commencement of discovery unless the allegations state a claim of violation of clearly established law") (citation omitted). Therefore, the Court finds Henderson is entitled to dismissal of Counts 1 and 2 on the ground of qualified immunity.

In his opposition, Plaintiff relies on *Hill v. Borough of Kutztown*, 455 F.3d 225, 244-45 (3d Cir. 2006), in which the Third Circuit reversed the district court's grant of defendant's Rule 12(b)(6) motion on qualified immunity grounds. (ECF No. 18 at 5.) The circumstances of *Hill* are readily distinguishable from those in this case. In *Hill*, the plaintiff, a municipal employee, alleged numerous specific acts of harassment by the mayor, including public accusations of illegal activity and demands for the plaintiff's resignation. 455 F.3d at 230-31. The allegations in *Hill* complied with the Third Circuit's ruling that a plaintiff alleging a violation of his or her constitutional rights must "state[] the conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 353. Here, Plaintiff has not alleged sufficient facts to connect any act or omission by Henderson to Selmon's

alleged sexual assault on Plaintiff.

The Court finds Henderson is entitled to qualified immunity from Plaintiff's claims in Counts 1 and 2. Therefore, State Defendants' Motion to Dismiss Counts 1 and 2 is **GRANTED**, and those counts are **DISMISSED WITHOUT PREJUDICE**.

### 3. State Defendants' Motion to Dismiss Counts 4, 5, and 6

State Defendants argue Counts 4 (negligent hiring/retention), 5 (negligent supervision), and 6 (negligence) should be dismissed, because Plaintiff has failed to plead facts supporting the foreseeability element of those claims. (ECF No. 20 at 4.) Under New Jersey law, a claim for negligent hiring has two elements:

> The first involves the knowledge of the employer and foreseeability of harm to third persons. An employer will only be held responsible for the torts of its employees beyond the scope of the employment where it knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons. The second required showing is that, through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury.

*Adams v. City of Camden*, 461 F. Supp. 2d 263, 269 (D.N.J. 2006) (citing *DiCosala v. Kay*, 450 A.2d 508, 515 (N.J 1982)). To assert a claim of negligent retention, a plaintiff must allege "the employer should have foreseen that the conduct of its employee 'unreasonably enhanced a hazard that would be injurious to those coming within [its] range." *Dixon v. CEC Entm't Inc.*, No. A-2010-06T1, 2008 WL 2986422, at *20 (N.J. Super. Ct. App. Div. Aug. 6, 2008) (quoting *Johnson v. Usdin Louis Co., Inc.*, 591 A.2d 959, 961 (N.J. Super. Ct. App. Div. 1991)

State Defendants argue Plaintiff has not adequately "allege[d] any basis that would allow them to foresee Selmon would engage in illegal sexual conduct with a juvenile detainee such as Plaintiff." (ECF No. 20 at 6.) They contend Plaintiff does not allege a connection between the

9

culture of abuse he alleges existed at NJTS and Selmon's alleged dangerous propensity. (*Id.*)

The Court disagrees. Plaintiff has pled Selmon had a history of inappropriate sexual behavior at the workplace and known mental health issues. (ECF No. ¶¶ 4, 28-29). Further, Plaintiff alleges State Defendants were aware of these facts. (*Id.*) At this early stage of the litigation, and accepting Plaintiff's allegations as true as the Court must, Selmon's alleged history of sexual misconduct made her alleged abuse of Plaintiff foreseeable.[2]

Therefore, State Defendants Motion to Dismiss Counts 4, 5, and 6 is **DENIED**.

### 4. Punitive Damages

Because the Court has granted State Defendants' Motion to Dismiss the claims against Henderson in his individual capacity, the Court must dismiss Plaintiff's claims for punitive damages against State Defendants. *See Gregory*, 843 F.2d at 120 (finding "[p]unitive damages cannot be recovered from defendants in their official capacities").

Therefore, State Defendants' Motion to Dismiss Plaintiff's claims for punitive damages is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, State Defendants' Motion to Dismiss Plaintiff's claims (ECF No. 11) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, State Defendants' Motion to Dismiss Counts 1, 2, 7, and 9 is **GRANTED**, and Counts 1, 2 are **DISMISSED WITH PREJUDICE** as to NJJJC, NJTS, and Henderson in his official capacity and **DISMISSED**

---

[2] While the Court finds Plaintiff has not adequately alleged Henderson personally deprived Plaintiff of his rights under color of state law, the Complaint sufficiently pleads Counts 4, 5, and 6 against him in his official capacity. *See Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) (finding a claim against a defendant in his or her official capacity is "a duplication of the counts against the [government entity] itself"). Further, as to the claims against Henderson in his individual capacity, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Saucier*, 533 U.S. at 205.

**WITHOUT PREJUDICE** as to Henderson in his individual capacity. Count 7 is **DISMISSED WITH PREJUDICE**. Count 9 is **DISMISSED WITHOUT PREJUDICE**. State Defendants' Motion to Dismiss Counts 4, 5, and 6 is **DENIED**. State Defendants' Motion to Dismiss Plaintiff's claim for punitive damages is **GRANTED**. State Defendants' Motion to Dismiss Selmon's crossclaims (ECF No. 17) is **DENIED AS MOOT**. An appropriate Order will follow.

**Date: March 26, 2018**                                      */s/ Brian R. Martinotti*  
                                                              **HON. BRIAN R. MARTINOTTI**
                                                              **UNITED STATES DISTRICT JUDGE**