Krovatin
Klingeman LLC
ATTORNEYS AT LAW

60 PARK PLACE, SUITE 1100, NEWARK, NJ 07102 973-424-9777 WWW.KROVATIN.COM

GERALD KROVATIN
HENRY E. KLINGEMAN**
HELEN A. NAU*
ERNESTO CERIMELE*

ALSO ADMITTED IN HI AND PA**
ALSO ADMITTED IN NY*

September 19, 2019

**Via ECF**

Honorable Zahid N. Quraishi, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Bldg & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Javelle S. v. State of New Jersey Juvenile Justice Commission, et al.
Docket No. 3:17-cv-03879-BRM-ZNQ

Dear Judge Quraishi:

This firm represents Plaintiff Javelle S. in the above matter. Please accept this letter as a status update in advance of the telephone conference scheduled for September 20, 2019 at 12:30 p.m.

**Status of Discovery**

On July 30, 2019, Your Honor conducted a telephone status conference. At that time, Your Honor ordered the State Defendants to produce outstanding discovery responses and a response to Plaintiff's deficiency letter no later than August 23, 2019. A copy of the deficiency letter ***served on April 19, 2019*** is attached hereto.

On August 28, 2019, the State Defendants requested an additional two weeks to produce the discovery responses. The undersigned agreed, but requested that counsel for the State update the court as to the status of the discovery responses.

**Settlement**

Krovatin Klingeman LLC
ATTORNEYS AT LAW

Pursuant to Your Honor's request, Plaintiff made a settlement demand on August 9, 2019. No response has been provided.

**Additional Issues**

Plaintiff requests that the current discovery deadlines be extended. Although Plaintiff wishes to move this matter along quickly, Plaintiff should not be subject to an expedited discovery schedule as a result of Defendants' delays. Plaintiff further requests that the Court order outstanding discovery be produced by a date certain.

Thank you for Your Honor's consideration.

Respectfully submitted,

KROVATIN KLINGEMAN LLC

/s/ Ernesto Cerimele
Ernesto Cerimele

cc: All counsel (via ECF)

Krovatin Klingeman LLC
ATTORNEYS AT LAW

60 PARK PLACE, SUITE 1100, NEWARK, NJ 07102 973-424-9777 WWW.KROVATIN.COM

GERALD KROVATIN
HENRY E. KLINGEMAN**
HELEN A. NAU*
ERNESTO CERIMELE*

ALSO ADMITTED IN HI AND PA**
ALSO ADMITTED IN NY*

April 19, 2019

**VIA EMAIL**

Rachel Simone Frey, Esq.
Deputy Attorney General
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625

Kevin Dronson, Esq.
Deputy Attorney General
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625

**Re: Javelle S. v. State of New Jersey Juvenile Justice Commission, et al.**
**Docket No. 3:17-cv-03879-BRM-LHG**

Dear Counsel:

Please accept this letter pursuant to Fed. R. Civ. Pro. 37 concerning the State Defendants' discovery responses, which are deficient. Defendants' responses contain inapplicable objections, incomplete and/or nonresponsive answers, and conclusory legal statements. In light of the foregoing, Plaintiff requests more specific, fully responsive answers to Interrogatories and Requests for Production.

**Interrogatory Nos. 3 and 13**

*3. Identify the dates when any employee identified in your Answers to Interrogatories was provided with any letter, regulation, order, document, written memorandum, or policy*

*concerning sexual assault and/or sexual abuse and/or sexual harassment and/or PREA ("Prison Rape Elimination Act"). Provide a copy of any document.*

*13. Identify, with specificity, the dates each employee listed in Interrogatory No. 4 were trained in the following areas: prevention and reporting of sexual assault and/or prevention and reporting of sexual abuse and/or prevention and reporting of sexual harassment and/or any other category of conduct covered by PREA. Provide any documents, including sign in sheets, related to same.*

**Answer:**

Defendants refer Plaintiff to documents Bates Stamped JS v JJC 0341-0465, 2407-2679, 2775-2777. We have reviewed the documents referenced in your Answer to this Interrogatory. The documents referenced do not identify the dates when any employee received PREA related training. Please provide complete Answers to these interrogatories immediately to avoid the necessity of motion practice.

**Interrogatory Nos. 8-11, 15**

*8. Identify all other instances of sexual assault or sexual abuse (whether by inmate or employee) that have taken place at the New Jersey Training School ("NJTS") or Juvenile Medium Security Facility ("JMSF") from 2010 to the present. Provide all documentation, internal affairs reports, prosecutor's office correspondence, witness statements, or other investigative reports related to same.*

*9. Identify all other instances of sexual assault or sexual abuse (whether by inmate or employee) that have taken place at any other school governed by the Juvenile Justice Commission from 2010 to the present. Provide all documentation, internal affairs reports, prosecutor's office correspondence, witness statements, or other investigative reports related to same.*

*10. Identify any and all lawsuits filed against the Defendants from 2010 through the present related to sexual assault and/or sexual abuse and/or sexual harassment and/or any other category of conduct covered by PREA. For each action, provide a copy of the Complaint filed in each.*

*11. Identify any and all Notices of Claims from 2010 through the present related to sexual assault and/or sexual abuse and/or sexual harassment and/or any other category of conduct covered by PREA. For each action, provide a copy of the Notice of Claim in each.*

*15. Set forth for a 5-year period prior to the subject incident whether there have been any complaints and/or investigations filed with or conducted by either Internal Affairs or similar department for Defendants regarding: sexual assault and/or sexual abuse and/or sexual harassment and/or any other category of conduct covered by PREA.*

Krovatin Klingeman LLC
ATTORNEYS AT LAW



**Answer:**

Defendants refer Plaintiff to the generic objections, which is entirely frivolous. Here, the Defendants are charged by law with safeguarding the rights of a vulnerable population – youths aged 12-23 who are detained in their facilities. Nevertheless, 1 in 3 residents report sexual victimization to the JJC, and 14.8% report being victims of sexual misconduct by Defendants' employees. Although Defendants were well aware of the pervasive problem of staff sexually victimizing male detainees at juvenile detention facilities, Defendants have concluded that 99% of the sexual assaults are "unsubstantiated" or "unfounded." *See JJC Annual Reports.* The nature of other sexual assaults, including the officers involved, is relevant, and significant to show that Defendants have failed to properly train and supervise their employees, and have otherwise ignored glaring red flags. Please produce this information immediately to avoid the necessity of motion practice.

**Interrogatory No. 12**

*12. Provide the disciplinary history and performance reviews for each employee listed in Interrogatory No. 4.*

**Answer:**

Plaintiff was subject to abuse from Selmon, Staples, Rodriguez, Kemple, Tuno, Fox, Kelly, Hulse, Calderone, and Townes. Plaintiff reported this abuse both prior to, and after, the assault by Selmon. Defendants were on notice that their employees were either unfit, or not properly trained to conduct their duties. Their performance reviews and disciplinary histories are relevant to this matter.

**Interrogatory No. 15**

*15. Set forth for a 5-year period prior to the subject incident whether there have been any complaints and/or investigations filed with or conducted by either Internal Affairs or similar department for Defendants regarding: sexual assault and/or sexual abuse and/or sexual harassment and/or any other category of conduct covered by PREA.*

**Answer:**

Plaintiff has reviewed the documents referenced in Defendants' answer to Interrogatory No. 15. Defendants provide data for only one year. Please provide the data for the other four years requested.

**Interrogatory No. 20**

*20. Was Defendant Karen Selmon ever suspended and/or terminated and/or transferred. If so, identify the reasons for the suspension, termination, or transfer and produce any related documentations (including correspondence) regarding same.*

**Answer:**

Defendants refer Plaintiff to their response to Interrogatory No. 19. This response, however, does not identify whether Selmon was ever suspended and/or terminated and/or transferred, and the reason for the suspension, transfer, or termination. Please produce this information immediately to avoid the necessity of motion practice.

**Interrogatory No. 21**

*21. Was Defendant Karen Selmon identified as an employee who required additional supervision? If so, identify who determined that Selmon required additional supervision and which employees were aware of this recommendation.*

**Answer:**

Defendants' objection is frivolous. There is nothing ambiguous about this Interrogatory. Please produce this information immediately to avoid the necessity of motion practice.

*22. Identify all persons who had policymaking authority over the procedures for and the training of Juvenile Justice Commission employees in the handling of detainees at the NJTS or JMSF between January 1, 2010 and January 1, 2017.*

**Answer:**

Defendants have failed to respond to this Interrogatory and merely cite to general objections. This Answer, however, is improper and not responsive. Please provide a complete Answer to this interrogatory immediately to avoid the necessity of motion practice.

*23. Identify all commissioners of the Juvenile Justice Commission from 2010 to the present.*

**Answer:**

Defendants respond that the Juvenile Justice Commission "has no commissioners." Please identify any individual who served as an administrator, official, or board member from 2010 to the present, regardless of how the JJC defines its administrators, officials, or board members.

**RFP Nos. 2 & 4**

*2. Copies of any and all documents (including letters, text messages and emails) that you received or obtained from, or sent to any party to this action that refer or relate in any way to the subject matter of this lawsuit.*

*4. Copies of any and all documents that relate in any way to any meetings, conversations, telephone discussions or other communications between you and any persons with knowledge relevant to the subject matter of the action, including, but not limited to, any tape recordings, reports, emails, diaries, handwritten notes, typewritten notes, or any other writings, whether in draft or in final form, whether signed or unsigned.*

**Response:**

Defendant objects to these RFPs because Defendants "lack[] search terms including dates, keywords, senders, and/or recipients." The following search terms should be used:

- Gino and Benedetti (1999 to present)
- Gino and Selmon (1999 to present)
- Benedetti and Selmon (1999 to present)
- Javelle and Smith (2010 to present)
- Javelle (2010 to present)
- Karen and Selmon (1999 to present)
- Selmon (1999 to present)
- PREA (2010 to present)
- Javelle and Azim (2010 to present)
- Javelle and Calderon (2010 to present)
- Javelle and Digregorio (2010 to present)
- Javelle and Hulse (2010 to present)
- Javelle and Kelly (2010 to present)
- Javelle and Nicholson (2010 to present)
- Javelle and Selmon (2010 to present)
- Javelle and Sheaffer (2010 to present)
- Javelle and Staples (2010 to present)
- Javelle and Townes (2010 to present)
- Javelle and Tuno (2010 to present)
- Smith and Azim (2010 to present)
- Smith and Calderon (2010 to present)
- Smith and Digregorio (2010 to present)
- Smith and Hulse (2010 to present)
- Smith and Kelly (2010 to present)
- Smith and Nicholson (2010 to present)
- Smith and Selmon (2010 to present)
- Smith and Sheaffer (2010 to present)
- Smith and Staples (2010 to present)
- Smith and Townes (2010 to present)
- Smith and Tuno (2010 to present)
- Javelle and PREA (2010 to present)
- Smith and PREA (1999 to present)

- Selmon and Transfer (1999 to present)
- Selmon and Suspend (1999 to present)
- Selmon and Chell (1999 to present)
- Selmon and abuse (1999 to present)
- Fernando Colon (2010 to present)
- Colon (2010 to present)
- Kaewell (2010 to present)
- Ed Kaewell (2010 to present)
- Ed Kahill (2010 to present)
- Javelle and Kaewell (2010 to present)
- Smith and Kaewell (2010 to present)

Defendants have refused to provide Plaintiff with a list of persons with "knowledge of any facts that relate to" the litigation (Interrogatory No. 1), instead referring Plaintiff to "any individuals whose names appear in Defendants' Initial Disclosures and/or whose names appear in any of the documents produced by any party." (State Defendants AINS No. 1). Accordingly, Plaintiff does not have an ability to identify which custodians contain relevant information. As such, Plaintiff demands that the above search terms be used for any text or email account of any individuals "whose names appear in Defendants' Initial Disclosures and/or whose names appear in any of the documents produced by any party."

**RFP Nos. 18 & 19**

*18. The personnel file of any employees referenced in your answer to Interrogatory No. 4.*

*19. The personnel file for the following employees: Selmon, Stapes, Rodriguez, Kemple, Tuno, Fox, Kelly, Hulse, Calderone, Townes, and Henderson.*

**Answer:**

Plaintiff was subject to abuse from Selmon, Staples, Rodriguez, Kemple, Tuno, Fox, Kelly, Hulse, Calderone, and Townes. Plaintiff reported this abuse both prior to, and after, the assault by Selmon. Defendants were on notice that their employees were either unfit, or not properly trained to conduct their duties. Their performance reviews and disciplinary histories are relevant to this matter.

**RFP Nos. 20, 21, & 33**

*20. Any document regarding employees that have been disciplined for their conduct related to sexual assault and/or sexual abuse and/or sexual harassment and/or any other category of conduct covered by PREA from 2005 to the present.*

*21. Any civil rights or 42 U.S.C. §1983 Complaint filed against the Defendants from 2010 through the present.*

*33. Any and all Notices of Claims filed against the Defendants from 2010 through the present related sexual assault and/or sexual abuse and/or sexual harassment and/or any other category of conduct covered by PREA.*

**Answer:**

Defendants refer Plaintiff to the generic objections, which is entirely frivolous. Here, the Defendants are charged by law with safeguarding the rights of a vulnerable population – youths aged 12-23 who are detained in their facilities. Nevertheless, 1 in 3 residents report sexual victimization to the JJC, and 14.8% report being victims of sexual misconduct by Defendants' employees. Although Defendants were well aware of the pervasive problem of staff sexually victimizing male detainees at juvenile detention facilities, Defendants have concluded that 99% of the sexual assaults are "unsubstantiated" or "unfounded." *See JJC Annual Reports.* The nature of other sexual assaults, including the officers involved, is relevant, and significant to show that Defendant has failed to properly train and supervise its employees, and have otherwise ignored glaring red flags. Please produce this information immediately to avoid the necessity of motion practice.

**RFP No. 31**

*31. All witness statements (taped or written) related to the incidents referenced in your Answer to Interrogatory No. 4*

**Answer:**

Defendants are in possession of audio and/or video statements from witnesses. Please produce these statements.

**RFP No. 48**

*48. All correspondence between JJC and the Bureau of Justice Statistical of the U.S. Department of Justice related to the statistical review and analysis described in the Prison Rape Elimination Act 42 U.S.C. 15603 (a).*

Krovatin Klingeman LLC
ATTORNEYS AT LAW



**Answer:**

This Request for Production should read: "All correspondence between JJC and the Bureau of Justice Statistical of the U.S. Department of Justice related to the statistical review and analysis described in **34 U.S.C. § 30303**." Please provide any documents responsive to the RFP, as revised.

Thank you for your continued cooperation.

Very truly yours,

ERNESTO CERIMELE